UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

UNITED STATES OF AMERICA,
   Plaintiff,

v.

TERRELL CHARLES FRYAR,
   Defendant.

NO. 1:23-CR-020-01-H

## CRIMINAL TRIAL SCHEDULING ORDER

1. **Trial Setting:** This case is set for jury trial on September 11, 2023 at 9:00 AM in the United States District Court, 1205 Texas Ave, Lubbock, TX 79401. Counsel and the parties shall be ready for trial on that date. Any motion to continue the trial date must establish good cause for a continuance and must include a certificate of conference that reflects each parties' positions regarding the motion, including co-defendants.

2. **Government's Discovery Deadlines:** By July 24, 2023, the government shall provide discovery of all materials in its possession to the defendant in accordance with Federal Rule of Criminal Procedure 16(a). The government's disclosures shall include, in accordance with *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), all exculpatory evidence it possesses concerning the defendant and all impeachment evidence concerning any government witnesses. The government shall supplement its disclosures as necessary and provide full discovery as required by Federal Rule of Criminal Procedure 16(a) within a reasonable time prior to trial. Absent a compelling excuse, any evidence not disclosed within a reasonable time prior to trial will not be admitted at trial. The government shall provide the defendant with all Jencks Act

material, 18 U.S.C. § 3500, on the day before the testimony of the witness to whom such material relates.

3. **Defendant's Discovery Deadline:** By August 14, 2023, the defendant shall provide full discovery to the government in accordance with Federal Rule of Criminal Procedure 16(b).

4. **Discovery Disputes:** The Court expects the parties to work together to satisfy their discovery obligations and to provide good-faith efforts to resolve disagreements. A party must not file discovery-related motions—such as motions to compel, motions for discovery, and motions for production—unless (a) the party has previously submitted a written request for the materials to the opposing party; (b) the opposing party has denied the request; and (c) the motion is limited to specific matters actually in dispute. Any discovery-related motion must be accompanied by the party's prior written requests and the opposing party's response.

5. **Pretrial Motions:** Pursuant to Federal Rule of Criminal Procedure 12, all pretrial motions shall be filed by August 14, 2023, and they must comply with Local Criminal Rules 47.1 and 47.2. Motions in limine must not be filed as a matter of course and, if filed, must be limited to matters that meet the following requirements: (a) the matter cannot adequately be raised by trial objection without prejudice to the moving party, and (b) the prejudice of mentioning the matter in the presence of the jury cannot be cured by an instruction from the Court. Motions in limine must include neither "standard" requests not tailored to a case-specific matter, nor issues presented in order to obtain substantive rulings that should have been requested in advance of trial by appropriate motion. Motions in limine must be filed no later than the motions deadline unless the motion establishes that

counsel, in the exercise of reasonable diligence, could not have known of the basis for the motion as of the motions deadline.

6. **Responses to Pretrial Motions:** By August 28, 2023, the parties' response to any opposed pretrial motions shall be filed.

7. **Experts:** Unless otherwise stipulated or ordered by the Court, any party with the burden of proof on an issue shall file a written designation of the name and address of each expert witness who will testify on or before August 14, 2023. Any party without the burden of proof on an issue, but who wishes to utilize an expert witness, shall file a written designation of the name and address of each expert witness who will testify at trial on or before August 21, 2023. On or before their expert designation deadlines, the parties must also comply with the disclosure requirements in Federal Rule of Criminal Procedure 16(a)(1)(G) and 16(b)(1)(C). Objections to the qualifications or competency of experts must be made in a written motion filed no later than August 28, 2023.

8. **Trial Materials:** By September 5, 2023, all pretrial materials shall be filed. Specifically, by this date, each party must file or jointly file:

   a. A list of witnesses expected to be called, except those offered solely for impeachment. The list must divide the persons listed into groups of probable witnesses, possible witnesses, experts, and record custodians. The list should also state the name and employing organization, if relevant, of each witness and contain a brief narrative summary of the testimony to be covered by each witness. Upon request by opposing counsel, the party shall provide contact information for its witnesses.

   b. A list of exhibits intended to be offered at trial, except those offered solely for impeachment, and a brief description of each exhibit. The parties shall also exchange a complete set of marked exhibits with opposing counsel and deliver to the Court's chambers one hard copy—in a tabbed, three-ring binder (except large or voluminous items that cannot be easily reproduced)—and one digital copy of the marked exhibits. On the day the case is set for trial, each party

shall deliver additional copies of the witness list and exhibit list to the court reporter. All exhibits except impeachment documents must be marked with the case name and number on each exhibit.

Failure to list a witness or an exhibit shall be grounds for exclusion of that testimony or exhibit. This does not apply to exhibits or testimony offered for impeachment, and the use of unlisted exhibits or witnesses for rebuttal shall be permitted if the attorneys could not have reasonably anticipated their need for that evidence.

c. Proposed voir dire questions, if any, the Court is requested to ask during its examination of the jury panel. Unless the Court notifies the parties otherwise, one attorney per side will have 15 minutes each to ask follow-up questions.

d. The parties shall file a joint proposed jury charge and verdict form, agreed to by all parties to the maximum extent possible, no later than September 5, 2023. The parties shall simultaneously email the agreed proposed jury charge and verdict form in Word format to the Court at Hendrix_Orders@txnd.uscourts.gov. Counsel for plaintiff(s) is responsible for typing, collating, and otherwise preparing, filing, and serving the final document, but, if no plaintiff is represented by counsel, counsel for defendant(s) must assume this responsibility. All proposed jury instructions and questions must be accompanied by citation to statutory or case-law authority and/or pattern instructions, and the Court advises the parties to rely, wherever possible, on U.S. Supreme Court and Fifth Circuit authority and pattern instructions.

The Court expects the parties to engage—in person, by telephone, or via video teleconference—in meaningful discussions to reach agreement on each portion of the proposed jury charge and verdict form. When a disagreement persists, those portions of the joint proposed jury charge that are proposed by any plaintiff, but objected to by any defendant, must be underlined. Those portions of the jury instructions or questions that are proposed by any defendant, but objected to by any plaintiff, must be in boldface. Competing versions of instructions or questions on the same topic must appear sequentially in the joint proposed jury charge and verdict form, with a plaintiff's version listed first and a defendant's version listed second. To the extent that the joint proposed jury charge and verdict form includes any disputed portions, each party must also include in its trial brief support for its legal positions regarding the disputed portions of the joint proposed jury charge and verdict form.

e. A written statement addressing the anticipated length of trial and any additional matters that would facilitate the case's trial and resolution.

f. Trial briefs, if any. In the absence of a specific order, trial briefs are not required but are welcomed. They should concentrate on issues the parties anticipate will arise at trial and binding precedent addressing the issues.

9. **Pretrial Conference:** A final pretrial conference is set for September 11, 2023 at 8:30 AM in the United States District Court, 1205 Texas Ave, Lubbock, TX 79401. All pretrial motions not previously decided will be resolved at that time and procedures for trial will be discussed. The defendant shall be present.

10. **Presentation of Evidence:** Unless leave of court is obtained, the Court will limit the examination of each witness to direct examination, cross-examination, one redirect examination, and one recross-examination. The redirect and recross must be limited to the subject of the immediately preceding examination. The Court adheres to the scope of cross-examination as outlined in Federal Rule of Evidence 611(b). Local Criminal Rule 57.4 governs the conduct of counsel at trial.

11. **Effect of a Continuance:** If the trial setting is continued, the parties' obligations to comply with unexpired deadlines governed by date of the trial setting are extended so that they are governed by the date of the new trial setting. Unless the Court orders otherwise, however, the continuance of a trial setting does not extend the motion deadline or any expired deadlines.

SO ORDERED on this July 17, 2023.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE