# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-10357
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
February 12, 2025

Lyle W. Cayce
Clerk

United States of America,

> *Plaintiff—Appellee*,

*versus*

Terrell Charles Fryar,

> *Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:23-CR-20-1

---

Before Higginbotham, Jones, and Oldham, *Circuit Judges*.

Per Curiam:[*]

 Terrell Charles Fryar initially pleaded guilty to possession with intent to distribute methamphetamine pursuant to a binding plea agreement in which the parties stipulated to a prison sentence of no more than 188 months. *See* Fed. R. Crim. P. 11(c)(1)(C). However, the district court rejected the plea agreement, finding that such a term of imprisonment would be

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-10357

insufficient under 18 U.S.C. § 3553(a).  Fryar persisted in his guilty plea, and the court imposed a within-guidelines sentence of 240 months of imprisonment, to be followed by three years of supervised release.  On appeal, Fryar contends that his term of imprisonment is substantively unreasonable.

We assume without deciding that Fryar preserved the general contention that his 240-month sentence is substantively unreasonable.  *See Holguin-Hernandez v. United States*, 589 U.S. 169, 171-72, 174-75 (2020); *United States v. Quintanilla*, 114 F.4th 453, 470 (5th Cir. 2024).  Accordingly, we review the length of Fryar's within-guidelines sentence for an abuse of discretion, subject to a presumption of reasonableness.  *See United States v. Diaz Sanchez*, 714 F.3d 289, 295 (5th Cir. 2013).

Fryar has not shown that his sentence fails to account for an important factor, gives significant weight to an improper factor, or otherwise constitutes a clear error in judgment.  *See id.*  Rather, he mostly reiterates the mitigating factors presented to the district court.  *See United States v. Koss*, 812 F.3d 460, 472 (5th Cir. 2016).  However, the court expressly accounted for those mitigating factors and commented on other aggravating factors, including Fryar's criminal history and his presentencing conduct.  *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A)-(C).

We also reject Fryar's more specific contention, raised for the first time on appeal, *see United States v. Zarco-Beiza*, 24 F.4th 477, 481-82 (5th Cir. 2022), that the district court plainly erred by considering his presentencing conduct.  The Supreme Court has "emphasized" the importance of sentencing courts having "the fullest information possible concerning the defendant's life and characteristics" so that the sentence "will suit not merely the offense but the individual defendant."  *Pepper v. United States*, 562 U.S. 476, 488 (2011) (internal quotation marks, brackets, and citations

No. 24-10357

omitted); *see* 18 U.S.C. § 3661; *see also id.* § 3553(a)(1). Given this authority, Fryar has not established that the district court's consideration of his presentencing conduct was plainly erroneous. *See Zarco-Beiza*, 24 F.4th at 482.

In sum, Fryar has failed to rebut the presumption of reasonableness afforded to his within-guidelines sentence. *See Diaz Sanchez*, 714 F.3d at 295.

AFFIRMED.